IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 02-945-WDS |
| ) | |
| DONALD SNYDER, MICHAEL BAKER, ) | |
| DWAYNE CLARK, DEPUTY DIRECTOR ) | |
| COOPER, SANDRA K. BROWN, LEORA ) | |
| HARRY, ROGER D. COWAN, EUGENE ) | |
| McADORY, GARY A. KNOP, TOM ) | |
| CARAWAY, CAPTAIN OAKLEY, C/O ) | |
| MEYERHOFF, C/O PHOENIX, KLINT ) | |
| GALE, CAPTAIN LASHBROOK, ) | |
| ROBERT E. GALES, MINH T. SCOTT, ) | |
| TOM CARTER, B. BRAVO, ) | |
| SUPERINTENDENT MAUE, and JOHN ) | |
| DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

# AMENDED
## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

ON MARCH 7, 2005, THE COURT ENTERED AN ORDER DISMISSING SEVERAL CLAIMS AND DEFENDANTS, AND DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANTS (DOC. 4). THE COURT NOW AMENDS THAT MARCH 7 ORDER IN ITS ENTIRETY, AS FOLLOWS:

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

On November 28, 2000, a fight broke out in the yard of the west house at Menard. Plaintiff states that he was not involved in this incident, but instead was sitting at a nearby card table. After the fight was taken under control, an unknown officer patted Plaintiff down and had him placed in administrative segregation pending investigation of the fight. Plaintiff was interviewed by Internal

Affairs officers on at least two occasions and, on December 6, Plaintiff received a disciplinary ticket written by Klint Gale charging him with involvement in the November 28 incident. Plaintiff requested a polygraph examination and certain witnesses prior to the adjustment committee hearing, which was held December 28 before Robert Gales and Minh Scott. Plaintiff pleaded not guilty, and again requested a polygraph exam. Gales and Scott found him guilty, recommending penalties of one year demotion to C-grade, one year in segregation, the revocation of one year of good conduct credit, six months without contact visits, and the loss of three months of yard privilege.

Plaintiff filed grievances over this incident and, in August 2001, he finally was given a polygraph exam by Craig Hansen; that exam apparently established that Plaintiff was telling the truth about his non-involvement with the November 28 fight. Despite this result, the ticket was not expunged, and Plaintiff was still subjected to all the penalties imposed on him by the December 28 hearing, although it appears that the good conduct revocation was reduced to six months.

Based on these facts, Plaintiff has divided his complaint into four numbered counts, as summarized below.

> **COUNT 1:** Against defendants Snyder, Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, Maue and John Does 1-3 for subjecting him to inhumane conditions of confinement, in violation of his rights under the Eighth Amendment (¶¶ 2-19, 54-57, 63, 66).
>
> **COUNT 2:** Against defendants Gale, Phoenix, Meyerhoff, Oakley, Caraway, Gales, Scott, Cowan, Carter, Harry, Snyder and Does 1-3 for denying him procedural due process, in violation of his rights under the Fourteenth Amendment (¶¶ 1, 23-25, 27, 28, 31-34, 36-38, 40-43, 47-50).
>
> **COUNT 3:** Against defendants Snyder, Cowan, Gales, Harry, Caraway, Phoenix, Meyerhoff, Oakley, Carter and Gale for violations of state law (¶¶ 1, 2, 24-26, 28, 33, 42, 49).
>
> **COUNT 4:** Against all defendants for infliction of mental and emotional distress.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating Plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing Plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states that in 2000, Defendants Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, Maue and Does 1-3[1] confined him to a segregation cell at Menard that was "unsafe and unsanitary."  Specifically, there was standing water of the floor from the overflowing toilet, there was no hot water, and the walls were smeared with feces; the sink was also filled with feces.  Plaintiff was not provided with any cleaning supplies, other than access to a broom and mop "upon request."  Further, the cell was infested with insects, and mice ran through the cell.  He also states that the ventilation was virtually non-existent, and from December 2000 through March 2001, there was no heat in his cell.  Finally, he alleges that as director of the Illinois Department of Corrections,

---

[1] Plaintiff also refers to Anderson (¶ 2).  However, Anderson is not listed in the caption nor in the list of parties at the beginning of the complaint.  Therefore, the Court does not consider Anderson to be a party to this action.

Defendant Snyder is liable for the actions of his subordinates in allowing these conditions to exist.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Applying these standards to the facts alleged, the Court is unable to dismiss the claims against Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, Maue and Does 1-3 at this point in the litigation. *See* 28 U.S.C. § 1915A.

In contrast, the claim against Snyder is based on a theory of supervisor liability. However, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, Defendant Snyder is dismissed from Count 1.

## COUNT 2

In this claim, Plaintiff challenges the disciplinary proceedings that arose from the November 28 incident; these proceedings resulted in the loss of good time credit as well as time in disciplinary segregation and other penalties. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois

state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995), *cert. denied*, 519 U.S. 833 (1996); *Viens v. Daniels,* 871 F.2d 1328, 1333-34 (7th Cir. 1989). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

Therefore, Count 2 is dismissed without prejudice to Plaintiff seeking a remedy in habeas corpus after exhausting his state court remedies.

## COUNT 3

In this Count, Plaintiff alleges various state law violations in connection with the disciplinary proceeding discussed above in Count 2. Because the Court has dismissed Plaintiff's federal claims regarding this incident, the Court declines to exercise supplemental jurisdiction over these related state law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, Count 3 is dismissed from this action without prejudice.

## COUNT 4

In his final claim, Plaintiff makes a generalized allegation that all defendants caused him mental and emotional distress, in violation of state law. The Court will allow this claim to proceed as it relates to the allegations against Defendants Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, Maue and John Does 1-3 in Count 1 regarding conditions of confinement. However, this claim is dismissed as to all other Defendants, as the federal claims made against them are dismissed.

## OTHER DEFENDANTS

Plaintiff lists Eugene McAdory and B. Bravo as defendants in the caption of his complaint,

but the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). Therefore, McAdory and Bravo are dismissed from this action with prejudice.

Plaintiff also lists Baker, Clark, Cooper, Brown and Lashbrook as Defendants, but they are only mentioned in paragraph 51 of the "Facts." This paragraph was not specifically incorporated into any of Plaintiff's four counts. Further, his only statement regarding these people is that he wrote them letters or grievances regarding his situation. Merely being an addressee on a letter or grievance does not subject a person to liability under civil rights law, and therefore these individuals are dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **DEFENDANTS SNYDER, BAKER, CLARK, COOPER, BROWN, HARRY, MCADORY, LASHBROOK, GALES, SCOTT, CARTER** and **BRAVO** are **DISMISSED** from this action with prejudice.

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this matter, the Court will not automatically appoint the U.S. Marshal to effect service upon Defendants. Instead, **IT IS PLAINTIFF'S RESPONSIBILITY TO EFFECT SERVICE UPON DEFENDANTS COWAN, CARAWAY, OAKLEY, MEYERHOFF, PHOENIX, GALE, KNOP** and **MAUE**.

The Clerk is **DIRECTED** to prepare summons for Defendants **COWAN, CARAWAY, OAKLEY, MEYERHOFF, PHOENIX, GALE, KNOP** and **MAUE**. The Clerk shall forward those summons and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may effect service pursuant to Federal Rules of Civil Procedure 4. Summons shall not be prepared for the John Doe Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: July 29, 2005**

             **s/ WILLIAM D. STIEHL**
              **DISTRICT JUDGE**