IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.  3:02-cv-945-WDS |
| ) | |
| ROGER D. COWAN, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on the Motion for Reconsideration on Appointment of Counsel (Doc. 27) filed by Plaintiff Anthony Olive on September 25, 2006.  For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

In this action, Plaintiff alleges that Defendants allowed unsafe and unsanitary conditions to exist in violation of the Eighth Amendment's cruel and unusual punishment clause.  He also alleges that Defendants caused him mental and emotional distress in violation of state laws.  In his instant motion, Plaintiff seeks a court-appointed lawyer to help him prosecute his case.

### DISCUSSION

Section 1915(e)(1) of 28 U.S.C. provides that the Court "may request an attorney to represent any person unable to afford counsel."  However, there is no constitutional or statutory right to counsel for a civil litigant.  Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court

"unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; see also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

      The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake, 650 F.2d 885, 887-889 (7th Cir. 1981). The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome[.]" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); see also Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005).

      Plaintiff indicates that he has made reasonable attempts to retain counsel, which satisfies the threshold burden referenced above. Nonetheless, appointment of counsel is not warranted. Although Plaintiff has alleged sufficient facts to make his claims colorable, he avers no physical or mental disability which might preclude him from adequately investigating the facts giving rise

to his complaint.  Furthermore, the facts and issues in this case are not so complex that Plaintiff cannot adequately present his case without counsel.  As such, it appears at this juncture that Plaintiff is capable of proceeding pro se.

## CONCLUSION

For the foregoing reasons, the Motion for Reconsideration on Appointment of Counsel (Doc. 27) is **DENIED WITHOUT PREJUDICE.**

**DATED: October 25, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
