IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY OLIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  03:02-cv-945-WDS |
| | ) | |
| ROGER D. COWAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently pending before the Court is Plaintiff's Consolidated Motion for Relief from Judgment and for Leave to Amend (Doc. 61).

Plaintiff filed this action on August 15, 2002, alleging that on November 28, 2000, he was placed in administrative segregation during the investigation of a fight at Menard Correctional Center. On December 6, 2000, Plaintiff received a disciplinary ticket charging him with participating in the November 28th fight. Plaintiff pleaded not guilty to the charges, but was found guilty and punished with a one-year demotion to c-grade, one year of confinement in segregation, the revocation of one year of good conduct credit, a six-month loss of contact visits, and three months lost yard privileges.

On March 7, 2005, the Court performed its threshold review of the action and found that Plaintiff had attempted to state four claims in his complaint (Doc. 4).[1]

    Count 1:    Against defendants Snyder, Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, Maue, and John Does 1-3 for subjecting Plaintiff to inhumane conditions of confinement in segregation, in violation of his rights under the Eight Amendment.

    Count 2:    Against defendants Gale, Phoenix, Meyerhoff, Oakley, Caraway, Gales, Scott, Cowan, Carter, Harry, Snyder, and Does 1-3 for denying Plaintiff procedural due process in the disciplinary

---

[1] An amended threshold order was entered on July 29, 2005 (Doc. 7).

>               hearing, in violation of his rights under the Fourteenth
>               Amendment.
>
> Count 3:      Against defendants Snyder, Cowan, Gales, Harry, Caraway,
>               Phoenix, Meyerhoff, Oakley, Carter, and Gale for violations of
>               state law.
>
> Count 4:      Against all defendants for infliction of mental and emotional
>               distress.

The Court allowed Plaintiff to proceed on Count 1 of the complaint, but dismissed without prejudice Count 2 of the complaint because challenges to the loss of good time credit are not cognizable in a section 1983 action, but must be brought in a federal habeas corpus action after exhaustion of state remedies. The Court also dismissed Count 3 of the complaint which contained state law claims related to Count 2. Plaintiff was allowed to proceed on Count 4, only as it pertained to the facts alleged in Count 1 of the complaint. Defendant Snyder was dismissed from the action because Plaintiff had not alleged that he was personally responsible for the violation of a constitutional right. In addition, Defendants McAdory, Bravo, Baker, Clark, Cooper, Brown, and Lashbrook were dismissed because Plaintiff had not stated claims against them. In summary, after threshold review, Plaintiff was allowed to proceed on Count 1 of the complaint (and Count 4 as it related thereto) against the following remaining defendants: Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, and Maue. Presently, each of these defendants has been served in the action, and each has answered the complaint.

On January 5, 2007, Plaintiff filed a motion for leave to amend the complaint (Doc. 42), which the Court denied without prejudice on July 26, 2007 (Doc. 58), because Plaintiff's proposed amended complaint did not comply with Local Rule 15.1.

Currently pending before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).

**Relief from Judgment**

First, Plaintiff seeks relief from the Court's threshold order dismissing Counts 2 and 3 of the complaint. He argues that he was incorrect in contending in his original complaint that one year of good conduct credit was revoked in the disciplinary proceeding. He now states that the one year of good conduct credit revoked in the disciplinary proceeding was credited back to him in November of 2001. In support, he offers a memorandum from the Pinckneyville Correctional Center Records Office, dated August 6, 2007, indicating that the one year of revoked good conduct credit was adjusted to "0 years" lost good conduct credit on November 19, 2001. Thus, he now argues, the Court should not have dismissed Counts 2 and 3 of his complaint as not cognizable under section 1983 because he did not lose any good conduct credit in the disciplinary proceeding.

Rule 60(b) allows for relief from judgment or order where for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Although Plaintiff does not specify under which portion of Rule 60(b) he makes his motion, his argument that he was mistaken as to whether good conduct credit was revoked in the disciplinary proceeding described in the complaint indicates that he is seeking relief from the Court's order based upon "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Motions made under Rule 60(b)(1), however, must be brought within a "reasonable time," and no more than a year after the entry of the challenged order. See Fed. R. Civ. P. 60(b). Here, the amended threshold order was entered on July 29, 2005. To be entitled to relief under Rule 60(b), the motion would have to have been filed by July 29, 2006. Plaintiff did not file this motion until September 4, 2007, over one year too late. Accordingly, Plaintiff's motion for relief from the Court's July 29, 2005, order (Doc. 61) is **DENIED**.

**Leave to Amend the Complaint**

Second, Plaintiff seeks to add a retaliation claim against Defendants Cowan, Snyder, Caraway, Oakley, Meyerhoff, Anderson, Phoenix, Gale, Knop, Maue, Scott, Harry, and John Does 1-3. Plaintiff now states that each action described in the original complaint--his placement in administrative segregation during investigation of the November 28 fight, the charges brought against him, the harsh conditions to which he was exposed in segregation, and the improper procedures used during his disciplinary hearing--was taken in retaliation for his refusal to implicate other inmates during the course of the investigation.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." However, leave

to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's proposed amended complaint does not seek to alter the basic facts stated in the original complaint. Instead, Plaintiff attempts, five years after the filing of the action, to state a new legal claim based upon the facts laid out in the original complaint. Plaintiff offers no explanation as to why he did not bring this legal claim in the original complaint. The Court finds that because the retaliation claim is based upon facts as they were known five years ago, Plaintiff should have brought this retaliation claim in his original complaint. To wait five years to bring such a claim, without any explanation as to why he did not bring the claim originally, is undue delay. Accordingly, Plaintiff's motion for leave to amend the complaint (Doc. 61) is **DENIED**.

**DATED:  October 23, 2007**

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**