# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVE, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 02-CV-945-WDS |
| DONALD SNYDER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are plaintiff's pro se motion for reconsideration (Doc. 87) and a document entitled "Consolidated Motion" (Doc. 89). In both the motion for reconsideration and the consolidated motion, plaintiff seeks to have the Court reverse its rulings of July 29, 2005, (Doc. 7) which dismissed Counts 2 and 3 of plaintiff's complaint, and September 29, 2008 (Doc. 26), where Magistrate Judge Wilkerson denied plaintiff's motion for reconsideration and relief from judgment and for leave to amend his complaint. Once again, plaintiff asserts that the Court failed to give his claims fair review and failed to apply the proper review standard with respect to his exhaustion of administrative remedies.

In addition, the consolidated motion seeks substitution of both this Judge and Magistrate Judge Wilkerson because of his disagreement with the rulings of the Court.

### A. Disqualification Standards

In light of the fact that the motion is filed *pro se*, the Court will consider the motion for substitution of judges to be premised on 28 U.S.C. §§ 144, 455. Section 144 provides:

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

 The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in pertinent part:

 § 455. Disqualification of justice, judge, or magistrate.

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

 (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
  (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
  (ii) Is acting as a lawyer in the proceeding;
  (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

"Recusal under section 144 is mandatory once a party submits a timely and sufficient affidavit and [his] counsel [or the plaintiff, acting pro se] presents a certificate stating that the affidavit is made in good faith." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993), *citing United States v. Balistrieri*, 779 F.2d 1191, 1199-1200 (7th Cir. 1985). The affidavit must satisfy two requirements: it must be *timely* and *sufficient*. An affidavit is not "timely" unless it is filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990),

2

*quoted in Sykes*, 7 F.3d at 1339. Finally, the affidavit must be legally sufficient. "In passing on the legal sufficiency of the affidavit, the Court must assume the truth of the factual assertions even if it 'knows them to be false.'" *Id., quoting Balistrieri*, 779 F.2d at 1199. Further:

> [T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source *some source other than what the judge has learned through participation in the case*."

7 F.3d at 1339, *quoting Balistrieri*, 779 F.2d at 1199 (emphasis added). "The facts alleged in [a disqualification] motion must be *legally sufficient* and demonstrate the judge's personal bias or prejudice against a party." *Hoffman v. Caterpillar, Inc.,* 368 F.3d 709, 718 (7th Cir. 2004) (emphasis added). Further, "The factual allegations must fairly support the charge of bias or [partiality] and must be specific-including times, places, persons and circumstances." *Id.* The requirements of this statute are "strictly construed to prevent abuse." *Id.* (citation omitted).

This motion is clearly not an affidavit, as required under § 144, and whether it is timely is more than questionable, but even if the Court were to construe the motion as an affidavit, it still fails to satisfy the requirements of § 144. "[T]he facts averred [in a § 144 affidavit] must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Sykes,* 7 F.3d at 1339. Moreover, the affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source some source *other than what the judge has learned through participation in the case.*" *Id.* (emphasis added).

The Supreme Court addressed the extrajudicial source doctrine in *Liteky v. United States*, 510 U.S. 540 (1994). The Court stated:

3

> It seems to us that the origin of the "extrajudicial source" doctrine, and the key to understanding its flexible scope (or the so called "exceptions" to it), is simply the pejorative connotation of the words "bias or prejudice." Not *all* unfavorable disposition towards an individual (or his case) is properly described by those terms.

*Id.* at 550 (emphasis added). Further:

> The words [bias and prejudice] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess (for example, a criminal juror who has been biased or prejudiced by receipt of inadmissible evidence concerning the defendant's prior criminal activities), or because it is excessive in degree (for example, a criminal juror is so inflamed by properly admitted evidence of a defendant's prior criminal activities that he will vote guilty regardless of the facts). The "extrajudicial source" doctrine is one application of this pejorativeness requirement to the terms "bias" and "prejudice" as they are used in §§ 144 and 455(b)(1) with specific reference to the work of judges.

*Id.*

Therefore, "judicial rulings alone almost never constitute valid basis for a partiality motion," nor will "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. As *Liteky* noted, matters learned in prior proceedings and a "judge's ordinary efforts at courtroom administration . . . remain immune" from bias and prejudice attacks. *Id.*

Although the standard is "not the reality of bias or prejudice but its appearance," *Id*. at 548, this Court must resist improper use of the recusal statute. As the Third Circuit stated: "[W]e remain ever mindful that attacks on a judge's impartiality may mask attempts to circumvent that judge's anticipated adverse decision." *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that

recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), *quoting Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Neither is the statute intended to "bestow veto power over judges or to be used as a judge shopping device." 71 F.2d at 351. Certainly "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47(1975). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990). Plaintiff's bald assertions of bias, prejudice or incorrect application of the law simply do not meet these standards under even the most liberal of readings.

Here, the plaintiff's complaints and claims of bias or prejudice against this Judge and against Judge Wilkerson are simply based on his dissatisfaction with the rulings he has received. In light of this, the Court **FINDS** that the plaintiff has failed to establish any basis at all for the recusal of this Judge or of Judge Wilkerson, and plaintiff's motion for substitution is **DENIED** on all grounds.

### B. Motion for Reconsideration

Plaintiff continues to assert his belief that the Court improperly applied the standard set forth in *Muhammad v. Close,* 540 U.S. 749 (2004) to determine that he must exhaust his available state court remedies on Counts 2 and 3 before seeking habeas relief in this Court. Plaintiff's claim in Count 2 was that the disciplinary proceedings that arose from the November 28, 2000 incident resulted in the loss of good-time credits for plaintiff and disciplinary segrega-

tion. Plaintiff asserts in his motion for reconsideration that he did not lose good time credits, that he is not seeking a return of good time credits, and therefore, he is not required to exhaust under *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff asserts that his attempts to exhaust his administrative remedies were futile (Exhibit A to Doc. 80 ) and previously indicated that he *had* lost good time credits. As the Magistrate Judge noted in his Order of October 23, 2007 (Doc. 64) plaintiff's allegations were that, after the November 28, 2000, incident he was placed on administrative segregation, and later received a disciplinary ticket on December 6, 2000, charging him with participating in the November 28, 2000, fight. He then received a one-year demotion to a c-grade, one year of confinement in segregation, one year loss of good conduct credit, a six month loss of contact visits and a three month loss of yard privileges. Plaintiff did not seek administrative review of these convictions and punishments. *Id.*

The Court **FINDS** that there is no basis for reconsideration of its prior ruling or for reinstatement of Counts 2 and 3 of the original complaint. Accordingly, plaintiff's motion for reconsideration (Doc. 87) is **DENIED** on all grounds raised. Similarly, plaintiff's consolidated motion for issuance of an order reinstating Counts 2 and 3 and for substitution of judge (Doc. 89) is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED: February 17, 2009.**

s/ **WILLIAM D. STIEHL**
 **DISTRICT JUDGE**