IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY OLIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02-cv-945 WDS |
| | ) | |
| ROGER D. COWAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court are Plaintiff Anthony Olive's Motion to Appoint Counsel (Doc. 70) and Motions to Compel (Docs. 71 and 84). For the reasons set forth below, these motions are **DENIED**.

### MOTION TO APPOINT COUNSEL

On March 3, 2008, Olive filed a motion for appointment of counsel (Doc. 70) asking that the Court appoint him an attorney in the action. Olive argues that his lawsuit contains complex legal and factual issues that he is too unskilled to litigate successfully. Olive previously sought appointment of counsel in the action (Doc. 22). At that time the Court denied without prejudice his request because he had not shown that he had attempted to retain counsel on his own. In response, Olive filed a motion for reconsideration of the denial of the motion to appoint counsel (Doc. 27), attached to which he provided evidence that he had attempted but had been unable to retain counsel on his own. The Court reviewed his request again, and found that even though he had met the first prong of the Court's inquiry, appointment of counsel was not warranted because the issues in the action are not so complex that Plaintiff would not be able to adequately prepare his case without counsel (Doc. 28).

A district court "may request an attorney to represent any person unable to afford counsel."

28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The second prong of the analysis requires the court to assess both the complexity of the plaintiff's claims and the ability of the plaintiff to litigate the claims on his own. *Id.* The Seventh Circuit has recognized that these two concerns "are necessarily intertwined." *Id.* Thus, "the question is whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.*

The issues in this case are not complex. After the Court's threshold determination, only two counts remain: a claim of unconstitutional conditions of confinement based upon an unsanitary cell, and a state law claim for mental and emotional distress brought about by the cell conditions. The case also does not exceed Olive's capacity to present his case. Olive has filed numerous detailed and coherent motions in the action that indicate Plaintiff was able to successfully participate in the

discovery process. In addition, less than one month after this motion was filed, Defendants moved for summary judgment in the case (Doc. 77). Plaintiff properly responded to this motion with evidence as required under Fed. R. Civ. P. 56 (Doc. 80). The Court finds that Olive is capable of presenting and litigating the issues in this action on his own. Thus, the Motion to Appoint Counsel (Doc. 70) is **DENIED without prejudice**. The Court informs Plaintiff that if his claims survive summary judgment he may again seek appointment of counsel to assist him at trial.

### FIRST MOTION TO COMPEL

On March 3, 2008, Plaintiff filed a Motion to Compel Discovery (Doc. 71). In this motion, Plaintiff objects to the responses given by Defendants to his requests for production and interrogatories. He identifies five objections: A) that Defendants have failed to make a reasonable inquiry to find the answer or document; B) that Defendants have insufficiently demonstrated a basis for their objections to production requests as burdensome; C) that Plaintiff's requests are not overly broad; D) that Defendants answers to interrogatories and document requests are intentionally elusive, incomplete, inaccurate, and evasive; and E) that the information or documents sought are relevant to the case. Plaintiff then lists each interrogatory and production request to which Plaintiff believes Defendants improperly responded, and annotates the interrogatory or production request with the corresponding objection paragraph listed above that applies. In other words, he identifies the interrogatory or production request, then states the letter that corresponds to his objection thereto. In total, Plaintiff objects to 53 of the Defendants' responses.

The Federal Rules require that interrogatories be answered by the party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A). The party must answer each interrogatory, to the extent it is not objected to. Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be

3

stated with specificity." Fed. R. Civ. P. 33(b)(4).  Regarding the requests for production, Fed. R. Civ. P. 34(a)(1) requires only that the responding party provide documents "in the responding party's possession, custody, or control." A responding party is required to respond to each request for production or state an objection to the request. Fed. R. Civ. P. 34(b)(2)(B).

The Court will not address each of the 53 interrogatories and production requests individually.  The Court notes, however, that Plaintiff objects to a number of relevance objections regarding a claim that was dismissed from the action after the Court's initial screening under 28 U.S.C. §1915A. Plaintiff has not sufficiently demonstrated how documents and questions regarding the dismissed claim are relevant to this action, that is, he has not shown how these documents are reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Objections for relevance are not improper.  Having reviewed the interrogatories and requests for production at issue, the Court finds that Defendants either sufficiently answered or sufficiently objected to each of them. Defendants are under no duty to answer over their objection. Accordingly, Plaintiff's Motion to Compel (Doc. 71) is **DENIED**.

### SECOND MOTION TO COMPEL

In Plaintiff's second Motion to Compel Discovery (Doc. 84) filed June 10, 2008, Plaintiff indicates that Defendants have failed to respond to his discovery requests.  In response (Doc. 85), Defendants state that they responded to Plaintiff's initial requests for production, filed on November 7, 2007, on December 4, 2007, and to Plaintiff's first set of interrogatories, filed on December 14, 2007, on January 15, 2008.  Plaintiff sent Defendants additional interrogatories and requests for production on January 30 and February 4, 2008. Defendants state that these requests were combined in one document, and were "indistinguishable as to whether the request set forth was an

4

interrogatory or request to produce." Defendants sent Plaintiff a letter on March 31, 2008, asking him to clarify which questions were interrogatories and which were requests to produce. They also informed Plaintiff that his first set of interrogatories exceeded the 25 permitted under Fed. R. Civ. P. 33(a)(1).

Defendants now assert that they were not required to answer the second set of interrogatories because Plaintiff had already exceeded the 25 permitted under Fed. R. Civ. P. 33(a)(1). Despite the impropriety of Plaintiff's requests, Defendants answered them. Thus, Defendants urge the Court to deny Plaintiff's Motion to Compel. After review of the interrogatories and requests for production at issue, the Court agrees. Based on the law outlined above, Defendants responded to the interrogatories and requests for production properly by either answering or objecting. Thus, Plaintiff's Motion to Compel (Doc. 84) is **DENIED**.

## CONCLUSION

In summary, Defendant's Motion to Appoint Counsel (Doc. 70) and Motions to Compel (Docs. 71 and 84) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 18, 2009**

                                                             s/ *Donald G. Wilkerson*
                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**