IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:02-cv-945 WDS |
| ROGER D. COWAN, et al., | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Defendants Keith Anderson, Tom Caraway, Roger Cowan, Klint Gale, Gary Knop, Thomas Maue, Brad Meyerhoff, Lori Oakley, and Joseph C. Phoenix. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

*Procedural History*

Plaintiff filed his complaint in this 42 U.S.C. § 1983 action on August 15, 2002, alleging violations of his constitutional rights based upon the filthy conditions of his cell in segregation, a false disciplinary report written against him for participating in a fight on November 28, 2000, for violations of state law regarding the disciplinary ticket, and for infliction of mental and emotional distress (Doc. 1). On July 29, 2005, the District Court completed its threshold review of the complaint, finding that Plaintiff presented two claims: 1) against Defendants Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, and Maue for subjecting him to unconstitutional

conditions of confinement, and 2) against the same Defendants for infliction of mental and emotional distress related to the conditions of his cell. The Court dismissed the other two counts involving the disciplinary action in which good conduct credits were revoked, on the basis that Plaintiff had not exhausted his remedies for challenging revocation of good conduct credit in state court (Doc. 7).

Plaintiff objected to the Court's dismissal of his claims regarding the allegedly false disciplinary ticket by filing a Motion for Relief from Judgment and a Motion to Amend the Complaint (Doc. 61). The undersigned denied that motion (Doc. 64). Plaintiff asked the District Court to reconsider the undersigned's denial (Doc. 66). The District Court did reconsider the denial, but found that Plaintiff's claims regarding the disciplinary action were properly dismissed for failure to exhaust his remedies in state court (Doc. 86).[1]

On March 27, 2008, the remaining Defendants filed a Motion for Summary Judgment arguing that they are entitled to judgment in their favor because 1) Plaintiff did not properly exhaust his administrative remedies, 2) Plaintiff failed to prove a violation of the Eighth Amendment based upon the conditions of his confinement, 3) Defendants are entitled to qualified immunity, and 4) Plaintiff is not entitled to declaratory of injunctive relief (Doc. 78). In response, Plaintiff argues that 1) he did exhaust all administrative remedies available to him, 2) Defendants acted with deliberate indifference toward the risk of harm imposed by the conditions in his cell, 3) Defendants are not

---

[1]Throughout his response to the Motion for Summary Judgment, Plaintiff urges consideration of facts that the disciplinary report written against him in November 2000--which caused him to be housed in segregation, among other disciplinary measures--was false, and that as a result, he was improperly disciplined. Because this issue has been dismissed from the action, any facts on this issue that have no relevance to the issues remaining in the case will not be considered.

entitled to qualified immunity, and 4) Plaintiff's claims for injunctive relief are not moot (Doc. 80). Plaintiff filed a reply (Doc. 83).

*Substantive History*

On November 28, 2000, a fight broke out in the yard of the west house at Menard Correctional Center. Plaintiff states he was sitting at a card table in the yard at that time, but did not participate in the fight. Nevertheless, Plaintiff was placed in administrative segregation cell 210 pending investigation of the fight. One or two days later, Plaintiff was moved to segregation cell 453, where he stayed for the entire year of his confinement in segregation (Doc. 78-3, Exh. K, p. 7). During the investigation of the fight, Plaintiff was interviewed by Internal Affairs officers, and on December 6, 2000, Defendant Gale wrote a disciplinary ticket charging Plaintiff with involvement in the November 28 fight. After an adjustment committee hearing, Plaintiff was found guilty and disciplined with a one-year demotion to c-grade, one year confinement in segregation, the revocation of one year good conduct credit, a six-month contact visit restriction, and a three-month yard restriction (Docs. 1 and 11).

Plaintiff alleges that segregation cell 453 was "unsafe and unsanitary." The cell had 1) inadequate lighting, 2) a leaking toilet which left water on the floor, 3) feces in the sink, 4) feces smeared on the walls, 5) discolored water flowed from the sink, 6) no hot water, 7) inadequate ventilation, 8) inadequate heating, and 9) insect and mice infestation. He also alleges that he was not given cleaning supplies to clean the cell himself. Plaintiff claims that Defendants Cowan, Caraway, Oakley, Meyerhoff, Phoenix, Gale, Knop, and Maue were responsible for confining him in the unsanitary cell (Docs. 1 and 11).

Defendants argue that Plaintiff did not file any grievances between November 2000 and

November 2001 regarding the conditions of his cell, nor did he file any grievances against the Defendants in this action (Doc. 78-2, Exh. J, Fairchild Affidavit, ¶ 7). During that same period, however, Plaintiff did file grievances challenging the disciplinary report and a transfer denial (Doc. 78-2, Exh. J, Fairchild Affidavit, ¶¶ 8-9). Plaintiff contends that he did file a grievance with his assigned counselor, Hennrich (not a defendant), regarding the condition of his cell during that time period, but it was never answered (Doc. 80, Exh. A, Olive Affidavit, ¶ 4). Plaintiff does not have a copy of this grievance, but he believes a copy exists (Doc. 80, Exh. A, Olive Affidavit, ¶4). Plaintiff also avers that he sent letters complaining of the conditions in his cell to Defendants Cowan, Knop, and Maue, but those letters were also never answered (Doc. 80, Exh. A, Olive Affidavit, ¶ 5). Plaintiff includes copies of a number of these letters with his complaint (Doc. 1). Defendants Cowan, Knop, and Maue do not recall receiving letters from Plaintiff complaining of the conditions in his cell (Doc. 78-2, Exhs. A, B and H, ¶ 4).

Defendants Knop, Caraway, Meyerhoff, Phoenix, Gale, Maue, and Oakley all deny having escorted Plaintiff to the segregation cell (Doc. 78-2, Exh. B, ¶ 5; Exh. C, ¶ 5; Exh. D, ¶ 5; Exh. E, ¶ 5; Exh. F, ¶ 5; Exh. H, ¶ 5; Exh. I, ¶ 5). Defendants Cowan, Knop, Caraway, Meyerhoff, Phoenix, Gale, and Oakley all deny visiting Plaintiff in his cell in segregation during the relevant time period (Doc. 78-2, Exh. A, ¶ 8; Exh. B, ¶ 7; Exh. C, ¶ 8; Exh. D, ¶ 8, Exh. E, ¶ 8; Exh. F, ¶ 8; Exh. I, ¶ 6). Defendants Cowan, Caraway, Meyerhoff, Phoenix, Gale, Anderson, Maue, and Oakley all deny having authority to make placement decisions at Menard during the relevant time period (Doc. 78-2, Exh. A, ¶ 7; Exh. C, ¶ 4; Exh. D, ¶ 4; Exh. E, ¶ 4; Exh. F; ¶ 4; Exh. G, ¶ 4; Exh. H, ¶ 8; Exh. I, ¶ 4). All Defendants aver that they have never left an inmate in a cell containing the conditions Plaintiff describes (Doc. 78-2, Exh. A, ¶ 9; Exh. B, ¶ 8; Exhs. C-F, ¶ 9; Exh. G, ¶ 14; Exh. H, ¶9;

Exh. I, ¶ 7).

Plaintiff does not know who assigned him to his cell in segregation or who escorted him to the segregation cell (Doc. 78-3, Exh. K, pp. 6-9). He does not believe that any of the Defendants visited him in his cell (Doc. 78-3, Exh. K, p. 9). He believes, however, that Defendants Caraway, Gale, Phoenix, Oakley, and Meyerhoff were responsible for placing him in the cell and therefore subjecting him to the harmful conditions (Doc. 80, Exh. A, ¶ 1). Plaintiff also believes that Defendant Cowan, as Warden of Operations, was responsible for all events that led him to be segregated in the unsanitary cell (Doc. 80, Exh. A, ¶ 2). Plaintiff also believes that all of the Defendants "influenced and encouraged" his placement in the unsanitary cell, and that "each defendant is believed to have learned of the cell conditions" (Doc. 80, Exh. A, ¶¶ 2, 5).

## CONCLUSIONS OF LAW

### *Defendant Anderson*

The parties agree that Defendant Keith Anderson is not the Defendant Anderson Plaintiff intended to sue in this action (Defendants' Undisputed Material Fact 46, Doc. 78, p. 8; Doc. 80, p.2). Plaintiff stated in deposition that the Defendant Anderson named in the complaint is a black female who had worked at Stateville Correctional Center and in Internal Affairs at Menard. Thus, the undersigned **RECOMMENDS** that Defendant Keith Anderson be **DISMISSED** as a Defendant from the action.

### *Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). *See also Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir. 2004).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001); *Sybron Transition Corporation v. Security Insurance Company of Hartford*, 107 F.3d 1250, 1255

(7th Cir. 1997).

The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). After the moving party has satisfied its burden to establish that no genuine issue of material fact exists, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "may not rely merely on allegations or denials in its own pleading." *Id.* The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

A showing of a mere factual disagreement between the parties is insufficient; the factual issue must be "material," meaning that the issue must be one affecting the outcome of the suit. *See Outlaw*, 259 F.3d at 837. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (quoting *Logan*, 96 F.3d at 978); *see also Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994) ("a scintilla of evidence in support of the nonmovant's position will not suffice to oppose a motion for summary judgment"). The issue raised must also be "genuine," meaning that "sufficient evidence" in favor of the non-moving party exists such that a jury could render a verdict in their favor. *Outlaw*, 259 F.3d at 837 (quoting *Anderson*, 477 U.S. at 249). "A 'metaphysical doubt' regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and 'the nonmovant fails to demonstrate a genuine issue for trial where the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Outlaw*, 259 F.3d at 837 (citations omitted). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Affidavits filed in support of or opposed to summary judgment must be based upon the personal knowledge of the affiant. See Fed. R. Civ. P. 56(e)(1). "[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'" *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (quoting *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991)). *See also Witte v. Wisconsin Dept. Of Corrections*, 434 F.3d 1031, 1037 (7th Cir. 2006) (affidavit that merely repeated the unsupported allegations in complaint is not the kind of statement based upon personal knowledge "that may properly be considered in an affidavit"); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997) ("[A] plaintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment.").

***Exhaustion of Administrative Remedies***

Defendants allege, pursuant to the Prison Litigation Reform Act ("PLRA"), that Plaintiff's action must be dismissed because Plaintiff did not fulfill the PLRA's exhaustion requirement.

The PLRA provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

> correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). An inmate is required to exhaust only those administrative remedies as are "available" to him. The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Because remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

In *Pavey v. Conley*, the Seventh Circuit held that the in suits for damages governed by the PLRA, the Seventh Amendment does not require that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" be resolved by a jury. 544 F.3d 739, 740 (7th Cir. 2008). The Court compared the factual issues presented in the affirmative defense of exhaustion of administrative remedies to other judge-made factual determinations such as those regarding subject-matter jurisdiction, personal jurisdiction, and venue, and reasoned that "not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right . . . within the meaning of the Seventh Amendment." *Id.* at 741. The Court stated, "until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to." *Id.* The Court emphasized that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that

resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved." *Id.*

At the time of *Pavey*'s publication, discovery had been completed in this case. The Defendants' Motion for Summary Judgment had been filed and fully briefed. Thus, it was already impossible to achieve one of the goals of *Pavey*–to prevent merits discovery before the issue of exhaustion of administrative remedies had been resolved. That is, the federal courts had not been spared the burden of litigation in this case. For these reasons, the undersigned will consider the question of exhaustion of administrative remedies on the evidence presented in the motion for summary judgment and response thereto.

Defendants submit evidence that neither the Illinois Department of Corrections Administrative Review Board nor the Transfer Coordinator had record of any grievances filed by Plaintiff between November 2000 and November 2001 regarding the conditions of Plaintiff's segregation cell, mental or emotional distress due to placement in the segregation cell, or against any of the Defendants named in the action. Plaintiff did exhaust administrative remedies on a transfer denial and on the allegedly false disciplinary report during that period. In response, Plaintiff avers that he did file a grievance about the conditions of his cell with his assigned counselor, but that the counselor never responded to the grievance. Plaintiff's averment that he filed a grievance to which he received no response is sufficient to raise a genuine issue of material fact regarding whether administrative remedies were "available" to him. Even so, the Court will not go on to make or recommend a factual finding regarding exhaustion because, as explained below, Plaintiff's substantive claims do not survive summary judgment.

*Conditions of Confinement*

To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must demonstrate that the harm imposed to him because of his cell conditions was "sufficiently serious" so as to deprive him of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Seventh Circuit has found sufficiently serious conditions of confinement where an inmate was exposed to a filthy, roach-infested cell in which blood and human waste were smeared on the walls, *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007), to a wet, moldy, foul-smelling mattress for two months, *Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008), and to a cell that was not adequately heated, poorly lighted, provided only dirty water, contained no toilet paper, and smelled of human waste, *Jackson v. Duckworth*, 482 F.3d 21, 22 (7th Cir. 1992).

If a plaintiff establishes sufficiently serious conditions, he must then show that prison officials acted with deliberate indifference to the risk of harm imposed by the conditions, *Wilson v. Seiter*, 501 U.S. 294, 303 (1991), meaning that "the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it," *Townsend*, 522 F.3d at 773. Deliberate indifference cannot be established by a showing of negligence or a claim that an official "should have known" of the risk. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir.2004). An inmate must establish that "the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Townsend*, 522 F.3d at 773.

To show deliberate indifference, Plaintiff has to demonstrate that the named Defendants knew of the conditions of his cell. Defendants provide evidence that they were not aware of the conditions either personally or by notification in writing. All Defendants aver that they have never

left an inmate in a cell with the conditions described. Defendants Knop, Caraway, Meyerhoff, Phoenix, Gale, Maue, and Oakley denying escorting Plaintiff to his cell in segregation. Defendants Cowan, Knop, Caraway, Meyerhoff, Phoenix, Gale, and Oakley deny visiting Plaintiff in his cell. Defendants Cowan, Caraway, Meyerhoff, Phoenix, Gale, Maue, and Oakley deny having authority to make cell placement decisions at Menard during the relevant time period. In deposition, Plaintiff testified that he does not know who assigned him to the segregation cell or who escorted him to the segregation cell. He testified that he does not believe any Defendants visited him in his cell. Defendants Cowan and Knop do not recall receiving the letters attached to Plaintiff's complaint that would have brought their attention to the conditions of the cell, and Defendant Maue does not recall receiving any letters or grievances from Plaintiff in 2000 or 2001. Defendants present evidence that Plaintiff did not file any formal grievances regarding cell conditions. Defendants have sustained their burden to demonstrate that no genuine issue of material fact exists whether they acted with deliberate indifference to a risk of harm.

Thus, the burden shifts to Plaintiff to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiff has failed to do so. Plaintiff avers that Defendants Cowan, Knop, and Maue received letters informing them of the conditions of his cell, but they failed to act. Plaintiff does not have personal knowledge that the letters and grievances he sent were actually received. Further, Plaintiff makes no showing that any of the Defendants saw the conditions of his cell by escorting him there or visiting him in the cell. Here merely avers that "each defendant is believed to have learned of the cell conditions." Although Plaintiff may believe Defendants knew of the conditions of the cell, he has no personal knowledge that they were so aware. *See* Fed. R. Civ. P. 56(e)(1) (affidavit in opposition to summary judgment "must be made on

personal knowledge"). Plaintiff's speculations or hunches that the Defendants were aware of the conditions are not "grounded in observation or other first-hand personal experience." *Payne*, 337 F.3d at 772. The statements, therefore, are insufficient to overcome summary judgment. *See Weeks*, 126 F.3d at 939. Plaintiff's statement that he filed a grievance regarding the cell conditions to which he received no answer, while based upon personal knowledge, is inadequate to overcome summary judgment because that fact does not demonstrate that Defendants knew of the conditions of his cell. *See Outlaw*, 259 F.3d at 837 ("metaphysical doubt" as to the existence of a genuine issue of fact cannot prevent summary judgment). Plaintiff has pointed to no evidence which would demonstrate a genuine issue for trial as to whether Defendants were aware of the conditions of his cell. Without a showing of knowledge, Plaintiff cannot demonstrate that the Defendants acted with deliberate indifference, which requires not only knowledge of, but a reckless disregard for conditions exposing Plaintiff to a risk of harm. It is not enough to demonstrate that the conditions existed, he must also demonstrate that he was exposed to the conditions by defendants who possessed a reckless state of mind. Plaintiff has failed to do so. Because Plaintiff has raised no genuine issue of material fact regarding whether any Defendant acted with deliberate indifference to a serious risk of harm based upon the conditions of his cell, the undersigned **RECOMMENDS** that summary judgment be **GRANTED** in favor of Defendants on this point.

*Qualified Immunity*

Defendants argue that they are entitled to qualified immunity in this matter. Qualified immunity protects government officials who perform discretionary functions from civil liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order for a plaintiff to defeat a qualified immunity defense, he must first prove that his constitutional rights were violated, and second that

the constitutional right was "clearly established" in case law at the time of the alleged violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 352 (2005); *Spiegla v. Hull*, 371 F.3d 928, 940 (7th Cir. 2004). "Although the privilege of qualified immunity is a defense, the plaintiff carries the burden of defeating it." *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007).

As explained above, Plaintiff has not met his burden of demonstrating a genuine issue of material fact that any Defendant acted with deliberate indifference to a risk of harm. Likewise, Plaintiff has not overcome Defendants' assertion of qualified immunity because he has not demonstrated that they violated his constitutional rights. *See Saucier*, 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."). Accordingly, the undersigned **RECOMMENDS** that summary judgment be **GRANTED** in favor of all Defendants on the issue of qualified immunity.

*Emotional Suffering and Declaratory and Injunctive Relief*

Because summary judgment has been recommended in favor of all Defendants on the constitutional violation and on qualified immunity, the undersigned further **RECOMMENDS** that Plaintiff's requests for damages for emotional suffering and for declaratory and injunctive relief be found to be **MOOT**.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant Keith Anderson be dismissed from the action, that the Defendants' Motion for Summary Judgment (Doc. 78) be **GRANTED,** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 3, 2009**

                s/ *Donald G. Wilkerson*
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**